**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NICK JAMES GONZALES,

        Plaintiff,

vs.                                                    No. CV 18-00453 RB/JHR

CENTURION HEALTH CARE PROVIDERS
OF NORTHEASTERN NM DETENTION
FACILITY, M. PAQUIN, MR. FNU FARNUM,
JAMES BEATTY, and ATTORNEY GENERAL,

        Defendants.

**MEMORANDUM OPINION AND ORDER DISMISSING**
**FEDERAL CLAIMS AND REMANDING TO STATE COURT**

        **THIS MATTER** is before the Court under 28 U.S.C. § 1915A on the Complaint (Tort)

filed by Plaintiff Nick James Gonzales in the State of New Mexico, County of Union, Eighth

Judicial District Court, and removed to this Court by Defendants on May 4, 2018. (Docs. 1; 1-1.)

The Court dismisses all of Plaintiff's federal claims, declines to exercise supplemental jurisdiction,

and remands any state law claims to the State of New Mexico's Eighth Judicial District Court.

**I.      Factual and Procedural Background**

        Plaintiff Nick James Gonzales filed his pro se Complaint (Tort) in the State of New Mexico,

County of Union, Eighth Judicial District Court on November 30, 2017. (Doc. 1-1.) Plaintiff is a

prisoner in the custody of the New Mexico Department of Corrections. At the time he filed his

Complaint, Plaintiff was incarcerated at the Northeastern New Mexico Detention Facility

("NENMDF") in Union County, New Mexico. (*Id.* ¶ 3.) Gonzales describes the nature of this

action as: "Medical malpractice, negligence, negligent supervision, willful disregard to patient's

rights and consequences, mental anguish, violation of statutes and constitution (denial of

medical)." (*Id.* at 1). Defendants Centurion, Paquin, and Farnum removed the case to this Court

on May 4, 2018. (Doc. 1.) Defendants claim jurisdiction is proper in this Court based on the existence of federal questions alleged in Plaintiff's Complaint. (*Id.* at 2.) Defendant Beatty also filed an Answer to the Complaint on May 15, 2018. (Doc. 5.)

Plaintiff filed a Cross-Motion for Summary Judgment and Response to Defendants' Answer on May 25, 2018. (Doc. 8.) He also filed an Objection to Removal and Motion to Remand Complaint on May 25, 2018. (Doc. 9.) Defendant Beatty filed a Motion for Summary Judgment on June 7, 2018, claiming that this case should be dismissed as a matter of law based on Gonzales' failure to exhaust his prison administrative remedies. (Doc. 12.) Defendant Attorney General filed a Motion to Dismiss, asserting that the Complaint fails to state any claim and the Attorney General is an improper party. (Doc. 16.)

Defendant Beatty filed a notice with the Court on July 28, 2018, informing the Court that Plaintiff has been transferred and is now incarcerated in Hawaii under an interstate compact. (Doc. 17.) Plaintiff also filed a Notice of Change of Address, which similarly indicates he is no longer incarcerated at NENMDF but, instead, is located at a correctional facility in Eloy Arizona that is used by the State of Hawaii to house inmates. (Doc. 18.) Plaintiff alleges claims for violation of his constitutional rights under the Eighth and Fourteenth Amendments. He claims his rights to equal protection and to be free from cruel and unusual punishment have been violated by alleged indifference to serious medical needs. (Doc. 1-1 at 2, 7.) This is one of eleven cases that have either been brought as original proceedings by Plaintiff or removed to this Court.[1] This is the third case in which Plaintiff has alleged a violation of his constitutional and state law rights by prison officials

---

[1] The other ten cases include: *Gonzales v. Hatch*, No. CV 13-00305 RB/GB; *Gonzales v. Franco*, No. CV 14-01001 MV/KBM; *Gonzales v. Franco*, No. CV 14-01163 JB/SMV; *Gonzales v. Corizon Health Care*, No. CV 15-00890 WJ/GJF; *Gonzales v. Penitentiary of New Mexico*, No. CV 15-01161 KG/SCY; *Gonzales v. Marcantell*, No. CV 16-01275 WJ/LF; *Gonzales v. Robinson*, No. CV 16-01409 JCH/GBW; *Gonzales v. Loya*, No. CV 01388 WJ/GJF; *Gonzales v. Attorney General*, No. CV 17-01027 JCH/KRS; *Gonzales v. Hatch*, No. CV 18-00283 KG/KRS.

for failure to provide him with one of the medications to cure his Hepatitis-C disease. (*See id.* 1-1 at 5.) *See also Gonzales v. Corizon Health Care*, No. CV 15-00890 WJ/GJF; *Gonzales v. Marcantell*, No. CV 16-01275 WJ/LF. Gonzales seeks either "1 million dollars" or "100,000 in compesary (sic) and punitive damages." (Doc. 1-1 at 9, 10.) Gonzales also requests to be "allowed treatment for illness and symptoms intended to treat and cure." (*Id.* at 7.)

## II.     The Law Regarding Dismissal for Failure to State a Claim

Plaintiff is proceeding pro se. The Court may dismiss a claim for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Applying Rule 12(b)(6), the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual

allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

## III.    The Complaint Fails to State a § 1983 Claim

Plaintiff claims that he is being deprived of due process and equal protection and is suffering infliction of cruel and unusual punishment in violation of the Constitution. (Doc. 1-1 at 7.) Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To state a claim for relief under Section 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed

under Section 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Id.*

Defendant Attorney General has filed a Motion to Dismiss, arguing that, other than naming the Attorney General in the case caption, the Complaint contains no other allegations against the Attorney General. (Doc. 16.) The Court agrees. The Complaint contains no allegation of any conduct on the part of Defendant Attorney General, nor does it factually specify how the Attorney General violated any of Plaintiff's constitutional rights. *Fogarty*, 523 F.3d at 1162. The Complaint fails to state a Section 1983 claim against the Attorney General, and the Court will grant Defendant's Motion and dismiss all federal claims against the Attorney General for failure to state any claim for relief. *Ashcroft,, 556 U.S. at 676.

Plaintiff alleges claims of cruel and unusual punishment through deliberate indifference to his serious medical needs. (Doc. 1-1 at 2, 7.) The Eighth Amendment protects against the infliction of cruel and unusual punishments. U.S. Const. Amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment encompasses deliberate indifference by prison officials. *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir. 2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally

interfering with the treatment once prescribed. Regardless of whether it is evidenced by conduct of prison medical officials or prison guards, deliberate indifference to a prisoner's serious illness or injury may state a cause of action under § 1983. *Estelle*, 429 U.S. at 104–05.

Determining the sufficiency of an Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective component. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quotation and citation omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). The record establishes the first prong—Plaintiff has a serious medical need. (Doc 1-1 at 2.)

Under the subjective component, the defendant must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Self*, 439 F.3d at 1230–31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation and quotation omitted). With regard to the subjective component, the question for consideration by the Court is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (quoting *Mata*, 427 F.3d at 753). An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly or recklessly declined to act. Prison officials violate the Eighth Amendment when they

are deliberately indifferent to the serious medical needs of prisoners in their custody. *Howard*, 534 F.3d at 1239–40.

However, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. *Id.* at 1239 (quoting *Farmer*, 511 U.S. at 844–45). Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition, does not constitute a medical wrong under the Eighth Amendment. *See Estelle*, 429 U.S. at 105–06. Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment that the inmate receives does not support a claim of cruel and unusual punishment. *See*, *e. g.*, *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Self*, 439 F.3d at 1231; *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation. *Taylor v. Ortiz*, 410 F. App'x 76, 79 (10th Cir. 2010). The record in this case fails to establish the second, subjective, component.

The allegations of the Complaint do not state a plausible claim that Defendants are deliberately indifferent to Plaintiff's medical needs. *Twombly*, 550 U.S. at 570. In the context of Hepatitis C, prison officials are not deliberately indifferent to an inmate's serious medical need when a physician prescribes a different method of treatment than that requested by the inmate. *See Harrell v. Cal. Forensic Med. Grp., Inc.*, No. 2:15–CV–0579, 2015 WL 6706587, at *2 (E.D. Cal. Nov. 3, 2015); *see also Johnson v. Frakes*, No. 8:16CV155, 2016 WL 4148231, at *3 (D. Neb. Aug. 4, 2016) (concluding that defendants' failure to provide plaintiff with his requested course of treatment did not constitute an Eighth Amendment violation); *Smith v. Corizon, Inc.*, No. 15-743, 2015 WL 9274915, at *6 (D. Md. Dec. 17, 2015) (finding that denial of an inmate's request for

Harvoni treatment did not reflect deliberate indifference where inmate was seen by prison nurses, physician's assistants, and physicians for his chronic conditions, including Hepatitis C).

Similarly, the alleged facts in this case do not show that Defendants both knew of his Hepatitis C condition and deliberately chose to disregard it. *Martinez*, 563 F.3d at 1089. A review of Plaintiff's Complaint show that prison officials have recognized Plaintiff's serious medical condition and are monitoring it:

> You are non-compliant with your clinic appointments, lab appointments, and behaviors. Also, your lab work, when you allow it, does not meet the criteria for treatment at his time . . . . Under the State of New Mexico's Guidance, you currently fall into priority 4 Stage 0-1 fibrosis and all other cases of Hepatitis C. You fall into this category because your APRI is 0.361 . . . . You are not being denied medical attention as you are followed by medical in Chronic Clinic and you are able to access medical care through a health service request. You are not being denied equal protection under the law because everyone with Hepatitis C must meet the same qualifiers.

(Doc. 1-1 at 5, 8.)

Plaintiff's allegations boil down to a contention that he has a constitutional right to a particular course of treatment or to be given a particular medication. The Tenth Circuit and other courts have rejected such an expansive view of the rights protected by the Eighth Amendment. The showing required to give rise to a cognizable Eighth Amendment violation is deliberate refusal to provide medical attention as opposed to a particular course of treatment. *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006); *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997). Medical decisions, such as whether one course of treatment is preferable to another, are beyond the Eighth Amendment's purview. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Prison health care providers remain free to exercise professional judgment, and an inmate is not entitled to any particular course of treatment. *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997). *See also Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (holding that

HIV-positive prisoner who believed he should receive a protease inhibitor in addition to certain drugs failed to state an Eighth Amendment claim).

The facts establish that Plaintiff seeks to be given his choice of medication rather than the alternative monitoring chosen by the prison health care providers. (Doc. 1-1 at 5, 8.) The record shows no more than a difference of opinion between Plaintiff and the prison's medical staff, not a deliberate refusal to provide medical treatment. *See*, *e. g*., *Smart*, 547 F.2d at 114; *Self*, 439 F.3d at 1231; *Thompson*, 289 F.3d at 1222. The Court understands that any prisoner diagnosed with Hepatitis C would want to receive one of the new treatments that can cure the disease. The questions of the medical standard of care and whether all inmates diagnosed with Hepatitis C should receive the new medications regardless of cost or individual circumstances are medical questions beyond the scope of the issues raised in this case. The Court decides only that the decision by prison officials to monitor a prisoner's Hepatitis C based on a protocol does not rise to the level of deliberate indifference to a prisoner's serious medical needs in violation of the Eight Amendment. The allegations of the Complaint fail to state an Eighth Amendment claim for relief. *See Self*, 439 F.3d at 1231.

Nor does the Complaint state an equal protection claim. The Equal Protection Clause directs that all persons similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 201, 216 (1982)). Two theories exist upon which a plaintiff may state an equal protection claim. The traditional theory protects a plaintiff from: (1) a law or government action that substantially burdens a fundamental constitutional right; or (2) discrimination based upon membership in a protected class such as race, national origin, or gender. *See*, *e.g.*, *id.* at 340–41. If the burdening of a fundamental right or membership in a protected class is not alleged, a plaintiff may still make out an equal protection

claim under an alternate theory. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). A plaintiff may state an equal protection claim if he or she alleges irrational and intentional differential treatment when compared with similarly situated individuals. *Id.* Specifically, a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment. *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (2006).

Plaintiff makes no allegations to suggest that he is a member of a protected class or that the actions of prison officials substantially burden the exercise of a fundamental constitutional right. Instead, he attempts to state a differential treatment claim. Plaintiff's allegations, however, are insufficient to make out a plausible claim. The record tends to show that the prison has a written policy for the treatment of inmates with chronic medical conditions, including Hepatitis C, and that, consistent with the policy, Plaintiff is being treated the same as other inmates with chronic health conditions. (*See* Doc. 1-1 at 5, 8, 9 ("You are classified as a Priority 4 as specified in the plans prescribed for treatment and classification. All inmates follow the same qualifiers and classification.").) The Complaint also fails to state an equal protection claim based on differential treatment. *Hill*, 455 F.3d at 239; *Twombly*, 550 U.S. at 570.

Further, to the extent Plaintiff seeks injunctive relief, his transfer to another facility has rendered those claims moot. (*See* Docs. 17; 18.) A prisoner plaintiff may not maintain Section 1983 claims for temporary, preliminary, or permanent injunctive relief based on conditions of incarceration if the plaintiff is no longer housed at the facility. *See Green*, 108 F.3d at 1300; *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996). Once a prisoner is released from the prison facility, injunctive relief would have no effect on defendants' behavior and, therefore, injunctive relief is moot. *Green*, 108 F.3d at 1300; *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311

(10th Cir. 2010). The rule that injunctive relief becomes moot applies both where the prisoner is released from prison and where the prisoner is transferred to a different prison facility. *See Love v. Summit Cty.,* 776 F.2d 908, 910 n.4, 912 (10th Cir. 1985).

Last, Plaintiff claims that his rights have been violated by failure of the N.E.M.D.F. Grievance Manager (Lt. Beatty) to properly investigate and address his prison grievances. (Doc. 1-1 at 4.) "There is no independent constitutional right to state administrative grievance procedures." *Boyd v. Werholtz*, 443 F. App'x. 331, 332 (10th Cir. 2011). For a state statute to create a "legitimate claim of entitlement" to a benefit and, therefore, an interest protected by due process, it must, "[s]tated simply," place "substantive limitations on official discretion." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 462 (1989). A viable due process claim cannot rest on allegations of an unfair or inadequate grievance process. *See Von Hallcy v. Clements*, 519 F. App'x. 521, 524 (10th Cir. 2013) (rejecting prisoner's claim that prison director violated due process by providing him with an inadequate prisoner grievance reporting system); *Merryfield v. Jordan*, 431 F. App'x. 743, 749–50 (10th Cir. 2011) (affirming dismissal of claim that prison grievance policy was constitutionally inadequate because there is no constitutional right to certain grievance procedures); *Ciempa v. Ward*, 150 F. App'x. 905, 906–07, 909 (10th Cir. 2005) (finding no error in judge's dismissal of due process claim based on alleged ineffective prison grievance procedure). *Burnett v. Allbaugh*, 715 F. App'x 848, 852 (10th Cir. 2017).

Officials' handling of a prisoner's grievances does not, by itself, give rise to a constitutional violation. A prison officer's failure to adequately respond to a prisoner's grievance does not implicate a constitutional right. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (official's failure to process inmates' grievances, without more, is not actionable under Section 1983); *Greer v. DeRobertis*, 568 F.Supp. 1370, 1375 (N.D. Ill. 1983) (prison officials'

failure to respond to grievance letter violates no constitutional or federal statutory right); *see also Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982) (a prison grievance procedure does not require the procedural protections envisioned by the Fourteenth Amendment). Prison grievance procedures are a procedural right only, and do not confer any substantive right upon an inmate. Grievance Procedures do no give rise to a protected liberty interest requiring the procedural protections of the fourteenth amendment. *Buckley*, 997 F.2d at 495 (quoting *Azeez v. DeRobertis*, 568 F.Supp. 8 (N.D. Ill. 1982)). The Complaint fails to state a Section 1983 claim for relief based on alleged inadequate grievance procedures. *See Buckley*, 997 F.2d at 495.

## IV.     Additional Pending Motions

The Court will deny Plaintiff's Cross-Motion for Summary Judgment (Doc. 8), as it fails to meet the procedural requirements necessary to support a motion for summary judgment. *See* Fed. R. Civ. P. 56(c). Further, because Defendants had not filed a motion for summary judgment at the time Plaintiff's motion was filed, there is no basis for treating the filing as a cross-motion.

Also pending before the Court is Defendant Beatty's Motion for Summary Judgment based on Plaintiff's failure to exhaust his prison remedies before filing his Complaint. (Doc. 12.) The Court will deny Defendant's Beatty's Motion as moot in light of the Court's dismissal of all federal claims in this case.

## V.     Remand of State Law Claims

Plaintiff originally filed his Complaint in state district court. He alleges that he is proceeding under the New Mexico Tort Claims Act, N.M. Stat. Ann. 41-4-1, *et seq.* (1978). (Doc. 1-1 at 1.) In addition to any federal claims, he asserts state law violations in the nature of medical malpractice, negligence, negligent supervision, willful disregard to patient's rights, mental anguish, and violation of statutes. (*Id.* at 1.)

Plaintiff filed objections to Defendants' removal of the case from state court and requested this Court remand the case to state court. (Doc. 9.) The Court declines to remand the case on the bases asserted in Plaintiff's Objection to Removal and Motion to Remand. However, the Court will remand the case because the Court is dismissing all federal claims and declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c). Under Section 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley*, 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, (2006).

The Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court is dismissing all federal claims in this case. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims and will remand this proceeding to state court for adjudication of those state-law claims.

**IT IS ORDERED:**

(1) Plaintiff's Cross-Motion for Summary Judgment (Doc. 8) is **DENIED**;

(2) Defendant James Beatty's Motion for Summary Judgment (Doc. 12) is **DENIED** as moot;

(3) Defendant Attorney General's Motion to Dismiss (Doc. 16) is **GRANTED**;

(3) Plaintiff's Motion to Remand (Doc. 9) is **GRANTED IN PART** and **DENIED IN PART**;

(4) All federal claims asserted by Plaintiff Nick James Gonzales in his Complaint (Doc. 1-1) are **DISMISSED** for failure to state a claim under Fed. R. Civ. P. 12(b)(6);

(5) This case is **REMANDED** to the State of New Mexico, County of Union, Eighth Judicial District Court for adjudication of Plaintiff Gonzales' state-law claims.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE